CALOGERO, Chief Justice,
concurring.
Gary J. Elkins and the law firm of Elkins and Associates (collectively “Elkins”) has represented the partnership known as “Ya-houx Partners in Commendam” since 1981, and makes not even the assertion that he has withdrawn as counsel for the partnership. Applicants, several limited partners who own a majority interest in the partnership, sued the corporate general partner, Cross Marine, Inc., and its president Dennis A. Cross, for several claims related to the general partner’s alleged mismanagement of the partnership and its assets. Elkins is representing the corporate general partner and its president in this litigation. Without special authority from the general partners, a limited partner lacks the procedural capacity to sue on behalf of the partnership entity. La. C.C.P. art. 688 (see comment (c) thereunder); La.Civ.Code art. 2844. Although the partnership is not a party plaintiff, the true interests of the limited partners are aligned with the interests of the partnership, whose coffers must be enhanced to generate an advantage for the plaintiff limited partners. A conflict of interest exists in that the interests of two of Elkins’ clients are at odds; though in this litigation, Elkins formally represents only Cross and Cross Marine, who assert-edly owe the partnership, Elkins has represented and continues to represent the partnership itself in other matters. Therefore, to allow Elkins to represent Cross and Cross Marine against the plaintiff limited partners is essentially to allow him to represent the general partner in an interest contrary to the interests of the partnership itself. Under these circumstances it is my view that Model Rule of Professional Conduct 1.7 would require the consent of both the general partner and the plaintiff limit *998 ed partners, and absent such consent, El-kins’ disqualification is mandated.